UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:25-cv-00355

———

**R. Wayne Johnson,**
*Plaintiff,*

v.

**United States of America,**
*Defendant.*

———

## ORDER

Plaintiff, a prisoner incarcerated in the Texas Department of Criminal Justice proceeding pro se, sued the U.S. Postmaster and Molly Francis, a U.S. Postal Service employee, in state court. Doc. 1-3. He alleges that they mishandled prisoner mail by giving that mail to the Texas Department of Criminal Justice to process and deliver to inmates. *Id.* The United States removed. Doc. 1.

The court referred the case to a magistrate judge, who issued a report recommending that this case be dismissed with prejudice as malicious and as filed in contravention of sanctions. Doc. 6 at 3. According to the report, plaintiff previously filed four other lawsuits which appear to raise the same allegations. *Id.* at 1. Plaintiff has also been declared a "vexatious litigant." *Id.* at 2 n.1. The U.S. District Court for the Northern District of Texas sanctioned plaintiff by prohibiting him from filing new civil actions unless he obtains leave of court. *See Johnson v. U.S. Marine Corps.*, No. 2:13-cv-00066, 2013 WL 3652377, at *1 (N.D. Tex. July 15, 2013). That order, the report notes, extends to removed or transferred actions. *See* Doc. 6 at 2. The report further observed that nothing indicates that plaintiff obtained permission to file in state court. *Id.*

Plaintiff did not file written objections. Rather, within the time for filing objections, plaintiff filed what appears to be a motion to remand to state court. Doc. 7. Plaintiff seems to argue that this court lacks jurisdiction for various reasons. The court construes that filing as plaintiff's objections to the report.

Ordinarily, the court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "[p]arties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). When the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Plaintiff's objections fail to engage with the report's reasoning and do not show why he should be permitted to maintain this lawsuit. Nor does plaintiff show that this court lacks jurisdiction to dismiss his lawsuit as malicious and in contravention of sanctions. Therefore, his objections are overruled as improper.

Having reviewed the record and being satisfied that there is no clear error, the court accepts the report's findings and recommendations. This lawsuit is dismissed with prejudice as malicious and as filed in contravention of sanctions. Plaintiff is warned that if he persists in filing lawsuits without obtaining permission, additional sanctions, including but not limited to monetary sanctions, may be imposed.

*So ordered by the court on January 9, 2026.*

J. CAMPBELL BARKER
United States District Judge

- 2 -